LONNIE CATOE v. ROBERT BAKER AND ROBERT BAKER, JR., TRADING AS BAKER SALES COMPANY.

(Filed 24 November, 1937.)

**Trespass § 7—Evidence held insufficient to show that loss by theft resulted from wrongful trespass by defendants' employee.**

Plaintiff's evidence disclosed that plaintiff ordered an article of merchandise from defendants' store, to be delivered on a certain day, and that defendants were informed that there would be no one at home the following day, that the merchandise was not delivered on the day agreed, and that the following day when plaintiff and his wife left their home

they locked the doors and nailed down the windows, that when they re-
turned the article of merchandise was sitting in the living room, the
window of which was raised, and the nail which had held it forced out,
and personal property of great value taken from the house, and that all
the other windows and doors were locked or fastened. Plaintiff alleged
that the wrongful trespass of defendants' employee in the course of his
employment made it possible for a thief to enter and steal the merchan-
dise. *Held:* In the absence of evidence that defendants' employee, after
he placed the merchandise in the room through the window, failed to close
and fasten the window, and that the thief entered the house because of
such failure, plaintiff is not entitled to recover of defendants the value
of the property stolen, and defendants' motion to nonsuit was properly
allowed.

APPEAL by plaintiff from *Rousseau, J.*, at April Term, 1937, of MECK-
LENBURG. Affirmed.

This is an action to recover damages resulting from a wrongful and
unlawful trespass by an employee of the defendants on property of the
plaintiff while said employee of the defendants was acting within the
scope of his employment.

From judgment dismissing the action as of nonsuit, C. S., 567, the
plaintiff appealed to the Supreme Court, assigning error in the judg-
ment.

*G. T. Carswell and Joe W. Ervin for plaintiff.*
*John Newitt for defendants.*

CONNOR, J. The facts shown by the evidence for the plaintiff at the
trial of this action are as follows:

At about 2:15 p. m. on Thursday, 26 September, 1935, the plaintiff
and his wife, who are residents of the city of Charlotte, N. C., pur-
chased from the defendants at their store in said city a chair, paying
for said chair the sum of $1.75. The plaintiff purchased the chair from
the defendants on condition that the defendants would deliver the chair
at the home of the plaintiff in the city of Charlotte during the afternoon
of Thursday, 26 September, 1935. At the time of the purchase the
plaintiff informed the defendants that both he and his wife would be
at their home during the afternoon of Thursday, 26 September, 1935,
but that neither of them would be at home during the next day. The
defendants failed to deliver the chair at the home of the plaintiff during
the afternoon of Thursday, 26 September, 1935.

Both plaintiff and his wife left their home at about 6:30 a. m. on
Friday, 27 September, 1935. Before leaving they locked all the outside
doors of their house and fastened all the windows by nails. Neither the
plaintiff nor his wife returned to their home during the day. When

the plaintiff returned home at about 8:15 p. m. that day he found the chair, which he and his wife had purchased of the defendant on the preceding day, sitting in a room in his house near a window which opened on a porch. It had rained during the day, first about 10 a. m. and again about 2 p. m. There were muddy tracks on the porch and in the house. The window opening on the porch from the room in which the chair was sitting was partly raised. The nail by which the plaintiff had fastened the window before he left home that morning had fallen and was lodged between the window frame and the window casing. All the other windows in the house were fastened and all the outside doors were locked, as they were when plaintiff left home that morning. There was nothing to indicate that the other windows in the house or the outside doors had been tampered with during the day while plaintiff and his wife were away from their home.

Upon investigation the plaintiff found that various articles of personal property, including about $500.00 in money, which were in the house when he and his wife left home that morning, were missing. The missing articles of personal property were worth about $660.75.

In his complaint the plaintiff prays judgment that he recover of the defendants as his actual damages the value of the missing articles of personal property, to wit, $660.75, and the sum of $1,000 as punitive damages.

On his appeal to this Court the plaintiff contends that there is error in the judgment of the Superior Court dismissing his action, for that the jury could have found by reasonable inference from the foregoing facts that the employee of the defendants who delivered the chair which he and his wife had purchased of the defendants on Thursday, 26 September, 1935, at his home on Friday, 27 September, 1935, wrongfully and unlawfully trespassed on his property, negligently failed to close the window which he had opened in order to place the chair in the room where plaintiff found it upon his return to his home at 8:15 p. m. on Friday, 27 September, 1935, and that said employee thereby made it possible for a thief to enter the house during the absence of the plaintiff and his wife and to steal and carry away the missing articles of personal property.

Conceding, without deciding, that the jury could have found, by reasonable inference from the facts shown by the evidence for the plaintiff that the employee of the defendants who delivered the chair at the home of the plaintiff some time during Friday, 27 September, 1935, wrongfully and unlawfully trespassed on plaintiff's property, we are of the opinion that the facts shown by the evidence for the plaintiff would not justify an inference by the jury that the employee of the defendants negligently failed to close the window which he had opened only for the

purpose of placing the chair in the room where it was found by the plaintiff upon his return home after his absence during the day.

In no event is the plaintiff entitled to recover on the cause of action alleged in his complaint without proof that the employee of the defendants, who delivered the chair at plaintiff's home during his absence, negligently failed to close the window after he had opened it, whether wrongfully or not. It is not alleged in the complaint, nor was it contended by the plaintiff at the trial, that the employee of the defendant stole the missing articles of personal property. It is alleged in the complaint, and was contended by the plaintiff at the trial, that he is entitled to recover of the defendants the value of the missing articles because the wrongful act of the defendants' employee made it possible for a thief to enter the house and steal the missing articles of personal property. In the absence of evidence tending to show that the missing articles of personal property were stolen from plaintiff's house, during his absence, by a thief who entered the house because of the negligent failure of defendants' employee to close and fasten the window after he had placed the chair in the house, there is no error in the judgment dismissing the action as of nonsuit. The judgment is

Affirmed.